1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ROBERT P. BENYAMINI,

11            Plaintiff,                    No. CIV S-09-2462 DAD P

12        vs.

13   J.D. HARRIS, et al.,

14            Defendants.                   <u>ORDER</u>

15   _____/

16        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action

17   filed pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's May 25, 2010 motion

18   to stay this action.

19                            **BACKGROUND**

20        On April 22, 2010, the court ordered that service of plaintiff's amended complaint

21   was appropriate for defendants J.D. Harris, O'Brian, Edwards, Hightman, G. Demars, Cox, and

22   Nguyen.  Accordingly, the court ordered plaintiff to, within thirty days of the date of the court's

23   order, complete and submit to the court: (1) one completed Notice of Submission of Documents;

24   (2) one completed summons; (3) seven completed USM-285 forms; and (4) eight true and exact

25   copies of the amended complaint dated March 23, 2010.  (<u>See</u> Doc. No. 17.)

26   /////

                                     1

The thirty day period has since expired, and plaintiff has failed to complete and submit to the court the documents listed above.  Rather, on May 25, 2010, plaintiff filed a motion to stay this case.  Therein, plaintiff argues that this action should be stayed for at least twelve months because: (1) he is claustrophobic and has difficulty reading in his tight cell; (2) this is his first jail term; (3) his medication makes him drowsy and prevents him from concentrating; (4) he "has a terrible time using the law library" due to the library's crowding and lack of ventilation; and (5) he suffers from carpal tunnel in his wrists.  (Pl.'s Mot. to Stay at 1-2.)

**DISCUSSION**

The United States Supreme Court has clearly indicated that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."  Landis v. North America Co., 299 U.S. 248, 254-55 (1936).  In this regard, "the proponent of the stay bears the burden of establishing its need."  Clinton v. Jones, 520 U.S. 681, 706 (1997).

In this case, a twelve month stay would not promote economy of time, effort, or resources for the court or for any of the litigants.  Specifically, there is no guarantee that, were the court to grant a stay of the case, plaintiff would be any more able to diligently prosecute this case.  Plaintiff has not indicated in his motion that any of the circumstances allegedly impeding his ability to prosecute this case will be resolved in twelve months or in the foreseeable future.  Therefore, a stay would not be beneficial.  Rather, to the extent that plaintiff needs additional time to abide by any court orders or deadlines due to his various circumstances, he should file such a request with the court.

Accordingly, the court will deny plaintiff's motion for a stay.  The court will, however, grant plaintiff an additional thirty days, from the date of this order, to complete and submit the documents necessary for serving the defendants in this action.

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's May 25, 2010 motion to stay this case (Doc. No. 18) is denied; and

2.  Within thirty days from the date of this order, plaintiff shall complete and submit the following documents to the court:

      a.  The completed Notice of Submission of Documents;

      b.  One completed summons;

      c.  Seven completed USM-285 forms; and

      d.  Eight copies of the endorsed amended complaint filed March 23, 2010.

Plaintiff is cautioned that should he fail to complete and submit these documents, the court will recommend that this action be dismissed for failure to prosecute.  See Fed. R. Civ. P. 41(b).  The court reminds plaintiff that he filed this action and has a duty to diligently prosecute this case in good faith.

DATED: June 28, 2010.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:sj
beny2462.stay

3