IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT P. BENYAMINI,

        Plaintiff,                  No. CIV S-09-2462 MCE DAD P

   vs.

J.D. HARRIS, et al.,

        Defendants.        ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion to re-open the time to file an appeal which has been filed more than nine months after entry of judgment in this case.

        On August 26, 2010, the assigned magistrate judge issued findings and recommendations, recommending that this action be dismissed due to plaintiff's failure to return the USM-285 forms necessary to effect service on defendants. On September 30, 2010, the court adopted those findings and recommendations in full and dismissed this action without prejudice. On the same day, the court entered judgment and closed the case. Plaintiff did not file a notice of appeal or request an extension of time to file a notice of appeal. In his pending motion to re-open the time to file an appeal, filed July 29, 2011, plaintiff contends that he mistakenly filed his notice of appeal with the Ninth Circuit Court of Appeals.

1

Federal Rule of Appellate Procedure 4(a)(6) provides:

The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, **but only if all of the following conditions are satisfied**:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6) (emphasis added).

In this case, plaintiff has failed to allege that he did not receive notice of the final judgment in this case. In addition, plaintiff filed the pending motion to re-open the time to appeal more than nine months after the court entered judgment in this case, long after the 180 days to file a motion to reopen is allowed. Finally, even though no defendants had been served in this case and therefore no parties would be prejudiced by the granting of plaintiff's motion, all of the conditions under Rule 4(a)(6) must be satisfied before the court may grant plaintiff relief. Here, for the foregoing reasons, plaintiff has not satisfied the first two conditions set forth in Rule 4(a)(6).

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to re-open the time for filing an appeal (ECF No. 29) is DENIED.

Dated: October 14, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE